# UNITED STATES DISTRICT COURT

### DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** <br> (For **Revocation** of Probation or Supervised Release) |
| v. | Case Number:  01-cr-00238-WDM-01 |
| THOMAS P. ORMSBY | USM Number:  30468-013 |
| | Virginia Grady, AFPD <br> (Defendant's Attorney) |

**THE DEFENDANT:** Admitted guilt to violations 1 and 2, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of this violation:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to Participate in Sex Offender Treatment as Directed by the Probation Officer | 02/08/06 |
| 2 | Failure to Follow Instructions of the Probation Officer | 01/19/06 |

    The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

    It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

May 10, 2006
_____
Date of Imposition of Judgment

s/ Walker D. Miller
_____
Signature of Judge

Walker D. Miller, U.S. District Judge
Name & Title of Judge

May 11, 2006
_____
Date

DEFENDANT:  THOMAS P. ORMSBY
CASE NUMBER:  01-cr-00238-WDM-01                                     Judgment-Page 2 of 5

## IMPRISONMENT

     The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of five (5) months.

     The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

     Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT:  THOMAS P. ORMSBY
CASE NUMBER:  01-cr-00238-WDM-01                                                                Judgment-Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of twenty (20) months.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

DEFENDANT:  THOMAS P. ORMSBY
CASE NUMBER:  01-cr-00238-WDM-01                                            Judgment-Page 4 of 5

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer.  The court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report, for continuity of treatment.

2) The defendant shall participate in an approved program of sex offender evaluation and treatment, which may include polygraph and plethysmograph examinations, as directed by the probation officer.  The defendant will be required to pay the cost of treatment as directed by the probation officer.  The court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

3) The defendant shall notify the probation officer of all computer and/or other Internet access devices to which the defendant has access.  The defendant shall allow the probation officer to make unannounced examinations of the data stored on the defendant's personal computer(s) and other Internet devices, and collected by such system(s) at any reasonable time and copy data which the probation officer believes may be evidence of a law violation or a technical violation of a condition of supervision.

4) The defendant shall be placed on home detention for a period of 6 months, to commence as directed by the probation officer.  During this period, he shall remain at his place of residence except for employment and other activities approved in advance by the probation officer.  The defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, cordless telephones for the above period.  The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department.

DEFENDANT:  THOMAS P. ORMSBY
CASE NUMBER:  01-cr-00238-WDM-01                                                    Judgment-Page 5 of 5

       The defendant will be required to pay the cost of electronic monitoring as directed by the probation officer..

DEFENDANT:  THOMAS P. ORMSBY
CASE NUMBER:  01-cr-00238-WDM-01                                                Judgment-Page 6 of 5

5) The defendant shall not access any Internet sites that contain child pornography, i.e. sexually explicit material depicting minors.  The defendant shall not communicate via computer, or otherwise, with any person that defendant has reason to believe is a minor concerning anything relating to child pornography or sexual activity involving minors.

6) The defendant shall allow the probation officer to make periodic, unannounced examinations at any reasonable time of any computer or Internet access device used by him, except a computer owned by the defendant's employer and not located at the defendant's residence. The defendant shall, upon demand, immediately provide the probation officer with any password required to access data or programs on such computers or devices and shall allow the probation officer to copy information which the probation officer believes may be evidence of a law violation or technical violation of a condition of supervised release.

7) The defendant shall allow the probation officer to install site-blocking software deemed appropriate by the probation officer on any computer used by him, except a computer owned by his employer and not located at the defendant's residence.  The defendant shall not attempt to remove or otherwise defeat the site-blocking system installed by the probation officer.

8) The defendant shall not have any unsupervised contact with any person under the age of 18.

9) The defendant shall remain compliant and shall take all medications that are prescribed by his treating psychiatrist.  The defendant shall cooperate with random blood tests as requested by the treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.

10) The defendant shall ingest Depo-Provera if not medically contraindicated.